UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  10-22153-CIV-MARTINEZ-MCALILEY**

BEGUALG INVESTMENT MANAGEMENT
INC., a Florida Corporation, GUSTAVO
RIOJAS, an individual, BERTHA A.
SIMENTAL, an individual,

       Plaintiffs,

vs.

FOUR SEASONS HOTEL LIMITED, et al.,

       Defendants.

_____/

## <u>ORDER ON MOTIONS TO DISMISS</u>

THIS CAUSE came before the Court upon Defendant Millennium Tower Condominium

Hotel Association Inc.'s Motion to Dismiss the Amended Complaint for Failure to State Claims

Upon Which Relief Can be Granted (D.E. No. 50), Defendants' Motion to Dismiss (D.E. No.

51), and Motion of Defendant Interinvestments Realty, Inc. to Dismiss Plaintiffs' Verified

Amended Complaint (D.E. No. 52). Plaintiffs Begualg Investment Management, Inc.

("Begualg"), Gustavo Riojas ("Mr. Riojas"), and Bertha A. Simental ("Mrs. Simental")

(collectively "Plaintiffs") have filed suit against Defendants Four Seasons Hotel Limited ("Four

Seasons), FSM Hotel ("FSM"), LLC, Millennium Partners, LLC ("Millennium"), Millennium

Partners Florida Property Management LLC ("Millennium Florida"), Millennium Tower

Condominium Hotel Association, Inc. ("Millennium Tower"), Terremark Brickell II, Ltd.,

("Terremark Ltd."), Terremark Brickell II, Inc., ("Terremark Inc.") and Interinvestments Realty,

Inc. ("Interinvestments") (collectively "Defendants"), alleging that

> Defendants, acting in concert, and as agents of one another, lured unsuspecting buyers into purchasing condo units in the "Four Seasons Hotel Miami" ("Four Seasons") then subsequently induced them to enter a sham Rental Program through misrepresentations and false guarantees of 'positive cash flows,' 'streams of income,' and advertisements identifying Four Seasons's condo-hotel units as "great investment[s]." Plaintiffs, purchasers of six condo-hotel units for $4,072,705.00, fell victim to this fraudulent scheme.

(D.E. No. 40, Amended Compl. at ¶ 1). Plaintiff Begualg is a for-profit corporation that was established "for the purpose of holding the right, title, and interest to the condo-hotel units purchased by Mr. Riojas and Mrs. Simental." *Id*. at ¶ 5. Mr. Riojas is the vice president of Begualg and Mrs. Simental is the president. *Id*. at ¶¶ 6,7.[1] Mr. Riojas and Mrs. Simental purchased the six units on August 5, 2002 for $4,072,705, and on August 28, 2002, Mr. Riojas and Mrs. Simental created Begualg. *Id*. at ¶¶ 37, 39.

Plaintiffs have filed a twelve-count complaint against Defendants. In Count I, Plaintiffs allege that all Defendants have violated the Racketeering Influedced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). In Count II, Plaintiffs allege that all Defendants have conspired to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d). In Count III, Plaintiffs allege that all Defendants have violated the Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.103. In Count IV, Plaintiffs allege that all Defendants have conspired to violate the Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.103. In Count V, Plaintiffs allege that all Defendants have committed the tort of fraudulent inducement. In Count VI, Plaintiffs allege false and misleading advertising against all Defendants. In Count VII, Plaintiffs allege that all Defendants have violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In Count VIII, Plaintiffs allege that all Defendants participated in a civil conspiracy. In Count

---

[1]Mr. Riojas and Mrs. Simental are husband and wife. *Id*. at ¶¶ 6,7.

IX, Plaintiff Begualg alleges a breach of contract claim against Terremark Ltd., Terremark Inc.,

Four Seasons, and FSM.  In Count X, Plaintiffs allege an unjust enrichment claim against the

Terremark and Four Seasons Defendants.  In Count XI, Plaintiffs allege a breach of fiduciary

duty against Four Seasons and FSM.  Finally, in Count XII, Plaintiffs allege a breach of

professional duty "in the alternative" against Interinvestments Realty, Inc.

All Defendants have now moved to dismiss Plaintiffs' amended complaint for failure

to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure

12(b)(6), and Defendant Interinvestments moves to dismiss the individual Plaintiffs' claims

asserted against it for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

After careful consideration and for the reasons set forth below, the Court grants in part and

denies in part the motions to dismiss.

## I.      Dismissal Pursuant to Rule 12(b)(6)

In their totality, Defendants' motions to dismiss argue that a number of Plaintiffs' claims

fail to sufficiently state a claim and that Plaintiffs' claims are barred by the statute of limitations.

As discussed below, the Court finds that Plaintiffs' claims in Counts  I, II, III, IV, V, VI, VII,

VIII, X, and XI should be dismissed without prejudice.

### A.      Legal Standard

When reviewing a complaint[2] under rule 12(b)(6)," all facts set forth in the plaintiff's

complaint 'are to be accepted as true and the court limits its consideration to the pleadings and

---

[2]The Court has also reviewed Plaintiffs' Rule 12.1 Civil Rico Case Statement (D.E. No. 5) and finds it appropriate to consider it along with Plaintiffs' amended complaint in considering the motions to dismiss the RICO claims.  *See Super Vision Inter., Inc. v. Mega Intern. Commercial Bank Co. Ltd.*, 534 F. Supp. 2d 1326, 1331 n.2 (S.D. Fla. 2008).

exhibits attached thereto.' " *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, a plaintiff is not required to make detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65.   Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1965 (2009).

In addition, where a plaintiff alleges fraud "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).   The Eleventh Circuit has stated

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)).  Thus, under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F. 3d 1230, 1237 (1 1th Cir. 2008).

-4-

Furthermore, in reviewing a complaint, dismissal is also appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    Analysis

#### 1.    Failure to State a Claim

Defendants collectively argue that Plaintiffs have failed to state a claim upon which relief may be granted with regard to all claims, excepting Count IX for breach of contract and Count XII for breach of professional duty.[3]

##### a.    Counts I, II, III, and IV: Civil RICO and Civil Remedies for Criminal Practices Act Claims

In Count I, Plaintiffs allege that all Defendants violated section 1962(c) of RICO, and in Count II, Plaintiffs allege that all Defendants have conspired to violate section 1962(c) in violation of section 1962(d).  Similarly, in Count III, Plaintiffs allege that all Defendants violated section 772.103 of the Civil Remedies for Criminal Practices Act,"Florida's RICO analog", which is analyzed in the same manner as a Federal RICO claim,[4] *see Jackson v. Bellsouth*

---

[3]Specifically, Defendant Millennium Tower has moved to dismiss Counts I, II, III, IV, V, VI, VII, and VIII for failure to state a claim upon which relief may be granted.  *See* (D.E. No. 50). Defendants Four Seasons, FSM, Terremark Ltd., Millennium, Millennium Florida, and Terremark Inc. have moved to dismiss Counts I, II, III, IV, V, VI, VII, VIII, X, and XI for failure to state a claim upon which relief may be granted.  *See* (D.E. No. 51).  Defendant Interinvestments has moved to dismiss Counts I, II, III, IV, V, VI, VII, and VIII for failure to state a claim upon which relief may be granted.  *See* (D.E. No. 52).

[4]For this reason, the Court cites only federal law in its discussion of these claims, however, the analysis is equally applicable to the federal and the state claims in Counts I through IV.

*Telecommunications*, 372 F. 3d 1250, 1263 (11th Cir. 2004), and in Count IV, Plaintiffs allege

that all Defendants have conspired to violate the Civil Remedies for Criminal Practices Act.

Defendants[5] argue that Plaintiffs have failed to state a claim because Plaintiffs have improperly

lumped all Defendants together and not attributed specific actions to each individual Defendant

and because Plaintiffs have not made sufficient allegations regarding the predicate acts.

Defendants also argue that because the substantive claims in Counts I and III fail to state a claim,

the conspiracy claims in Counts II and IV also fails to state a claim.  The Court agrees that

Plaintiffs have failed to state a claim in Counts I, II, III, and IV.

　　　　"Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled

with an increased level of specificity."  *Ambrosia Coal & Construction Co. v. Pages Morales*,

482 F. 3d 1309, 1316-17 (11th Cir. 2007).  "Essential to any successful RICO claim are the basic

requirements of establishing a RICO enterprise[6] and a 'pattern of racketeering activity.'"

*Jackson*, 372 F. 3d at 1264.  "To successfully allege a pattern of racketeering activity, plaintiffs

must charge that: (1) the defendants committed two or more predicate acts within a ten-year time

span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated

criminal conduct of a *continuing* nature."  *Id*.

　　　　Upon review of the amended complaint and Plaintiffs' civil RICO case statement, the

_____

[5]All Defendants did not make the same arguments, the Court, however for the most part discusses and considers the arguments as if they did as the Court finds there is no reason to differentiate between the different arguments.  If the Court deems it necessary, the Court has stated which Defendant is making a particular argument.

[6]"A RICO enterprise exists 'where a group of persons associates, formally or informally, with the purpose of conducting illegal activity.'"  *Jackson*, 372 F. 3d at 1264 (quoting *United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)).

Court agrees that Plaintiffs have failed to provide the requisite particularity required for their claims, and specifically, Plaintiffs have failed to allege a pattern of racketeering activity. Plaintiffs make conclusory allegations relating to two predicate acts, namely, wire fraud and "interstate and foreign travel or transportation in aid of the Four Seasons racketeering enterprise." (D.E. No. 40, Amended Compl. at ¶¶ 68-69). The allegations in the relevant count sections themselves are vague and conclusory and provide none of the required particularity. *See* (D.E. No. 40, Amend Compl. at ¶¶ 59-79). Scattered throughout the "General Allegations" section of the amended complaint there are more details with regard to the alleged fraud. *See, e.g.*, (D.E. No. 40, Amended Compl. at ¶¶ 21, 25, 28, 31, 32, 33, 34).[7] There are also more detailed allegations in Plaintiffs' civil RICO case statement. *See* (D.E. No. 5 at 3-9, 12-14). These allegations, however, still fail to detail the required who, what, where, when, how of the alleged fraud. Moreover, as Defendants argue, Plaintiffs have lumped all Defendants together, and there is not a sufficient statement of each defendant's specific conduct. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir.1997) ("[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud."). The civil RICO case statement attempts to set forth the conduct attributable to each Defendant but is instead littered with conclusory phrases that are often

---

[7]Paragraph 34 and its subparagraphs come the closest to meeting the heightened pleading standard. There is however, no indication that the three "examples," as Plaintiffs term them, are meant to be the full list of the alleged fraudulent content. Moreover, Plaintiffs allegations in this paragraph are not sufficent. For example, Plaintiffs allege that the Four Seasons, Millennium and Terremark Defendants transmitted an outline to them and have included a copy of the outline. It is, however, unclear how Plaintiffs received a copy of the outline and from whom. Thus, while Plaintiffs make the conclusory statement that Four Seasons, Millennium, and Terremark Defendants transmitted the outline. It is not clear who exactly the outline was from.

repeated for different Defendants.  Accordingly, the Court grants the motions to dismiss as to

Counts I, II, III, and IV.  *See Jackson*, 372 F.3d at 1269 (finding that "the plaintiffs have failed to

allege that the . . .defendants agreed to violate any of the substantive provisions of the RICO

laws. Because of this fatal pleading defect, the plaintiffs' RICO conspiracy claims are likewise

unable to survive the defendants' motion to dismiss.").  The Court, however, will allow Plaintiffs

to file a second amended complaint, which contains the required specified pleading as to each

Defendant.

### b.      Count V: Fraudulent Inducement

Defendants have also moved to dismiss Plaintiffs' claim for fraudulent inducement

asserted against all Defendants in Count V.  A claim for fraudulent inducement is also subject to

Rule 9(b) heightened pleading standards.  *See Oginsky v. Paragon Properties of Costa Rica LLC*,

- - - F. Supp. 2d - - -, 2011 WL 1869352, at *9 (S.D. Fla. May 16, 2011) (stating that "[c]laims

for fraudulent inducement in federal court are governed by Rule 9(b).").  "To state a claim for

fraudulent inducement under Florida law a plaintiff must allege that (1) the defendant made a

false statement about a material fact; (2) the defendant knew the statement was false when he

made it or was without knowledge of its truth or falsity; (3) the defendant intended that the

plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false

statement to his detriment." *Barrett v. Scutieri*, 281 Fed. Appx. 952, 953 (11th Cir. 2008)

(footnote omitted).  After careful consideration of the Amended Complaint and particularly the

allegations relating to fraudulent inducement, *see* (D.E. No. 40, Amended Compl. at ¶¶ 80-86),[8]

---

[8]In Plaintiffs' response to Defendants' motions, Plaintiffs refer the Court to paragraphs 81 through 86 of the amended complaint and cite generally to the RICO case statement in support of their argument that they did in fact state a claim.  *See* (D.E. No. 67 at 20-21).

the Court finds that Plaintiffs have failed to meet the requisite particularity under Rule 9(b).

Plaintiffs have not detailed the required who, what, where, when, how of the allegedly false

statements and again fails to specify each Defendant's participation in the alleged fraud.[9]

Plaintiffs' conclusory allegations with regard to the Defendants' actions are not sufficient.

Accordingly, the Court grants Defendants' motions to dismiss as to this claim.  As stated above,

however, the Court will allow Plaintiffs to file a second amended complaint, which contains the

required specified pleading as to each Defendant.

### c.      Count VI: False and Misleading Advertising

Next, Defendants move to dismiss Plaintiffs' claim for statutory false and misleading

advertising in Count VI asserted against all Defendants.  A claim for false and misleading

advertising is also subject to Rule 9(b) heightened pleading standards.  *Simpson v. FWM*

*Laboratories, Inc.*, No. 09-61771-CIV, 2010 WL 1257714, at * 2 (S.D. Fla. March 29, 2010);

(applying Rule 9(b) in considering whether Plaintiffs have stated a claim for statutory misleading

advertising under Florida law); *In re Simdag/ Robel, LLC*, No. 8:09-cv-146-T-23EAJ, 2009 WL

975784, at * 4 (M.D. Fla. April 10, 2009) (same).

> A consumer party may state a claim for statutory misleading advertising under
> Florida law by pleading that the party relied on some identifiable alleged
> misleading advertising plus, where appropriate, all of the other elements of the
> common law tort of fraud in the inducement, as follows: (a) the representor made
> a misrepresentation of a material fact; (b) the representor knew or should have
> known of the falsity of the statement; (c) the representor intended that the

---

[9]The Court also disagrees that in considering this tort claim or any of the other state law claims that the RICO case statement should be read in conjunction with the allegations in the amended complaint.  Moreover, even if the Court were to consider the RICO case statement when determining whether Plaintiffs have stated the state law claims, the Court would still find Plaintiffs' allegations lacking for the same reasons discussed above with regard to the RICO claims.

representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation.  The pleader must also allege that the representor's representation was made with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services.

*Third Party Verification, Inc. v. Signaturelink, Inc*., 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007) (citations omitted).  After careful consideration of the Amended Complaint and particularly the allegations relating to statutory false and misleading advertising, *see* (D.E. No. 40, Amended Compl. at ¶¶ 87-91), the Court finds that Plaintiffs have failed to meet the requisite particularity under Rule 9(b).  Plaintiffs have not detailed the required who, what, where, when, how of the allegedly false and misleading advertising and again fails to specify each Defendant's participation in the alleged fraud.  Plaintiffs' conclusory allegations with regard to the Defendants' actions are not sufficient.  In addition, in this count, Plaintiffs have not identified with any specificity any advertisements that they are claiming are false.  Accordingly, the Court grants Defendants' motions to dismiss as to this claim.  The Court will allow Plaintiffs to file a second amended complaint, which contains the required specified pleading as to each Defendant.

### d.      Count VII: Violation of the FDUPTA

Defendants also move to dismiss Plaintiffs' claim for a violation of the FDUPTA in Count VII asserted against all Defendants.  Defendants again argue alleging that Plaintiffs have not pleaded their claim with sufficient particularity.  Defendant Interinvestments has also alleged that Plaintiffs cannot state a claim for a violation of the FDUPTA in count VII against it because the FDUPTA does not apply to the Interinvestments's alleged actions.  Accordingly, Interinvestments asks that this claim be dismissed with prejudice as to it.  The Court dismisses

Count VII without prejudice.

First, the Court acknowledges that there is a split of authority among the district courts as to whether Rule 9(b) applies to claims brought under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Compare *Costa v. Kerzner Intern. Resorts, Inc.*, No. 11-60663-Civ, 2011 WL 2519244, at *2 (S.D. Fla. June 23, 2011) (finding Rule 9(b) does not apply) with *Llado-Carreno v. Guidant Corp.*, No. 09-20971, 2011 WL 705403 at *5 (S.D. Fla. Feb. 22, 2011) (finding Rule 9(b) does apply). This Court, however, finds the reasoning in *Llado* to be more persuasive and applies Rule 9(b) to Plaintiffs' FDUTPA claim. Here, the averments in the complaint describe fraudulent conduct and thus, Rule 9(b) applies.

The FDUPTA protects "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.212 (2). "Although not specifically identified in the statute, there are three elements that are required to be alleged to establish a claim pursuant to the FDUTPA: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1073 (Fla. 5th DCA 2008). After careful consideration of the Amended Complaint and particularly the allegations relating to the FDUPTA violation, *see* (D.E. No. 40, Amended Compl. at ¶¶ 92-94), the Court finds that Plaintiffs have failed to meet the requisite particularity under Rule 9(b). Plaintiffs have not detailed the required who, what, where, when, how of the allegedly false and misleading advertising and again fails to specify each Defendant's participation in the alleged fraud. Plaintiffs' conclusory allegations with regard to the Defendants' actions are not sufficient. Here, Plaintiffs also provide only conclusory allegations with regard to the deceptive acts and unfair

practices.  This is not sufficient.  Accordingly, the Court grants Defendants' motions to dismiss as to this claim.  The Court will allow Plaintiffs to file a second amended complaint, which contains the required specified pleading as to each Defendant.

Defendant Interinvestments has also alleged that Plaintiffs cannot state a claim for a violation of the FDUPTA in count VII against it because FDUPTA provides that it does not apply to "[a]n act or practice involving the sale lease, rental or appraisal of real estate by a person licensed, certified or registered pursuant to chapter 475, which act or practice violates s. 475.42 or s. 475.626."  Fla. Stat. § 501.212(6).  Defendant Interinvestments argue that Plaintiffs' allegations that Interinvestments provided false or misleading information to induce them to purchase real estate fall within the scope of Fla. Stat. § 475.42(1)(f) and thus, Plaintiffs cannot state a viable claim against Interinvestments for a violation of FDUPTA.  The Court, however, finds that whether Interinvestments is "a person licensed, certified or registered pursuant to chapter 475" is a question of fact, which is inappropriate for this Court to resolve in considering a motion to dismiss.  The Court disagrees that it is apparent from the face of the complaint that Interinvestments is such a person.  Accordingly, Interinvestments's motion to dismiss with prejudice on this ground is denied.

### e.    Count VIII: Civil Conspiracy

Defendants next move to dismiss Plaintiffs' claim for civil conspiracy in Count VIII against all Defendants.  Here, as Plaintiffs' civil conspiracy claim is based on fraud, the heightened pleading standards in Rule 9(b) apply.  *See American United Life Ins. Co. v. Martinez*, 480 F. 3d 1043, 1067-68 (11th Cir. 2007) (stating that "where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity.").

"[T]o state a claim for civil conspiracy, . . . [a plaintiff must allege] (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Technologies Corp. v. Mazer*, 556 F. 3d 1260, 1271 (11th Cir. 2009) (internal quotations omitted). After careful consideration of the Amended Complaint and particularly the allegations relating to the civil conspiracy claim, *see* (D.E. No. 40, Amended Compl. at ¶¶ 95-99), the Court finds that Plaintiffs have failed to meet the requisite particularity under Rule 9(b). Plaintiffs have not detailed the required who, what, where, when, how of the alleged conspiracy and again fails to specify each Defendant's participation in the alleged fraud. Plaintiffs' conclusory allegations with regard to the Defendants' actions are not sufficient. The Court specifically notes that Plaintiffs vaguely refer to "false guarantees" without identifying the substance of these guarantees. The Court also notes that Plaintiffs have failed to sufficiently plead the underlying claims at issue in this case, which also warrants the dismissal of the civil conspiracy claim. *See Behrman v. Allstate Life Ins. Co.*, 178 Fed. Appx. 862, 863 (11th Cir. 2006) (where the Eleventh Circuit stated that "because a civil conspiracy claim is not an independent cause of action in Florida, we also conclude that that claim was properly dismissed because all of the predicate claims were properly dismissed."). Accordingly, the Court grants Defendants' motions to dismiss as to this claim. The Court will allow Plaintiffs to file a second amended complaint, which contains the required specified pleading as to each Defendant.

### f.    Count X: Unjust Enrichment

Defendants also move to dismiss the claim for unjust enrichment in Count X asserted against Four Seasons, FSM, Terremark Ltd., and Terremark Inc. Defendants argue that this

claim must be dismissed because an unjust enrichment claim may only be pleaded in the alternative when one or more of the parties contest the existence of an express contract. Defendants argue that "Plaintiffs asserted a claim against Defendants for breach of the . . . [Rental Protection Agreement] and have not alleged that Defendants contest that the parties entered into the. . . [Rental Protection Agreement]."  (D.E. No. 51 at 16).  The Court, however, disagrees that Plaintiffs are required to plead that one of the Defendants contests the existence of a valid contract in order to state a valid claim for unjust enrichment. If Defendants do in fact not contest the existence of a valid contract and wish to submit evidence on this issue, such as an affidavit, this may be a relevant argument to make in a motion for summary judgment.  Here, however, where the Court is limited to the face of the complaint, Plaintiffs' unjust enrichment claim may be appropriately pleaded in the alternative.  *See* Fed. R. Civ. P. 8(d)(2) & (3).  The Court, however, agrees that because Plaintiffs' complaint also alleges that a valid contract exists that Plaintiffs must allege that no adequate remedy at law exists within their unjust enrichment claim.  *See Nautica Intern., Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1342 (S.D. Fla. March 17, 1998) (dismissing an unjust enrichment claim where a plaintiff failed to allege that its contractual remedy was inadequate); *see also Brett v. Toyota Motor Sales, U.S.A., Inc.*, No. 6:08-cv-1168-Orl-28GJK, 2008 WL 4329876, at *8 (M.D. Fla. Sept. 15, 2008) (finding that where it was clear on the face of the complaint that an express contract existed the plaintiff was required to plead that no adequate remedy at law existed).  Because Plaintiffs' claim fails to do this, the Court dismisses this claim but will allow Plaintiffs to correct the deficiencies in this claim and reassert it in a second amended complaint.

### g.      Count XI: Breach of Fiduciary Duty

Next, Defendants move to dismiss Plaintiffs' claims for breach of fiduciary duty in Count XI asserted against Defendants Four Seasons and FSM.  Defendants argue that Plaintiffs did not plead "any allegations as to placing trust in Defendants, nor did they plead that Defendants accepted any trust or undertook any responsibility to protect Plaintiffs." (D.E. No. 51 at 18).  In the alternative, Defendants argue that this claim is barred by the economic loss rule. The Court finds that while Plaintiffs have appropriately alleged a breach of fiduciary duty, their claim is barred by the economic loss rule.

First, the Court finds Plaintiffs have adequately alleged a claim for breach of fiduciary duty.  To state a claim for breach of fiduciary duty Plaintiffs must allege "the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages."  *Gracey v. Eaker*, 837 So.2d 348, 355 (Fla. 2002).  Here, Plaintiffs have alleged that the "Four Seasons and FSM, when functioning as Plaintiffs' rental agents, had a fiduciary position of trust and confidence and were obliged to act with the duties of care, loyalty, and to avoid self dealing with respect to Plaintiffs and the rental of their units."  (D.E. No. 40, Amended Compl. at ¶ 111).  The Court finds these allegations are sufficient under Rule 8 to allege the existence of a fiduciary duty.  *See*, *e.g.*, *Christella v. Mong*, 59 So. 3d 1178, 1180 (Fla. 5th DCA 2011) (finding that given the evidence, a jury could conclude that a real estate agent owed an implied fiduciary duty to plaintiff).  To the extent Defendants are making factual arguments with regard to this claim, the Court finds such arguments are inappropriate in a motion to dismiss.

The Court, however, finds that as Plaintiffs' claims are pleaded, they are barred by the economic loss rule.  "The economic loss rule is a judicially created doctrine that sets forth the

circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of N. Am. v. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla.2004). In relevant part, the economic loss rule applies "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." *Id.* "The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id.* The purpose of this rule is to protect parties that have already formed a contract and "allocated the economic risks of nonperformance through the bargaining process." *Id.* "A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made." *Id.*

Thus, the economic loss rule bars a tort action where a defendant has not committed a breach separate from the breach of contract. *Id.* at 537. "While the economic loss rule does not automatically bar a breach of fiduciary duty claim, the rule does apply when the claim for breach of fiduciary duty is based upon and inextricably intertwined with the claim for breach of contract." *Action Nissan, Inc. v. Hyundai Motor America*, 617 F. Supp. 2d 1177, 1192-93 (M.D. Fla. 2008). A breach of fiduciary duty claim "is independent if the plaintiff must prove facts separate and distinct from the breach of contract." *Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1264 (M.D. Fla. 2010) (internal quotations omitted).

As the claim is currently pleaded, Plaintiffs allege breaches of fiduciary duty that are not separate and apart from those alleged in the breach of contract claim. Plaintiffs allege Defendants breached their fiduciary duty to Plaintiffs by:

a.    Pursuing its interests and the interests of its co-Defendants in derogation of Plaintiffs' interests in having their condo-hotel units rented;

b.    Failing to use reasonable efforts to promote Plaintiffs' condo-hotel unites as rental property;

c.    Failing to undertake reasonable marketing, sales, and advertising services to attract lodgers and to arrange rental of Plaintiffs' condo-hotel units . . .[; and]

d.    Directing rental opportunities away from Plaintiffs and towards other luxury hotels.

(D.E. No. 40, Amended Compl. at ¶ 111).  The first two allegations, "a" and "b", are broad and conclusory but do appear to repeat allegations made in the breach of contract claim.  *See id*. at ¶¶ 101, 102.  The allegation in subparagraph "c" is for all intents and purposes the same as the allegation in paragraph 101(a) of the breach of contract claim, and the allegation in subparagraph "d" is the same as the allegation in paragraph 102.  Accordingly, the Court dismisses this claim. Plaintiffs may replead this claim in the second amended complaint if Plaintiffs can plead a breach of fiduciary duty that is separate from the breach of contract.

### 2.    Statute of Limitations

Defendants Four Seasons, FSM, Terremark Ltd., Millennium, Millennium Florida, Terremark Inc. and Interinvestments have also moved to dismiss Plaintiffs' claims based on the statute of limitations.  Defendants Four Seasons, FSM, Terremark Ltd., Millennium, Millennium Florida, and Terremark Inc. have moved to dismiss Counts I, II, III, IV, V, VI, VII, VIII, IX, X, and XI and Defendant Intervestments has moved to dismiss Counts VIII and XII based on the statute of limitations.[10]  "A statute of limitations bar is 'an affirmative defense, and . . .

---

[10]Defendant Millennium Towers has not moved to dismiss on this basis.

plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great American Communications Co.*, 12 F. 3d 717, 718 (7th Cir. 1993)). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta*, 348 F. 3d at 845 (internal quotations omitted). After careful consideration, the Court finds it is not apparent from the face of the complaint that Plaintiffs' claims are time-barred.

Defendants argue that "[t]he crux of the lawsuit is the alleged fraud committed by the Defendants in luring Plaintiffs to purchase the condo units based on promises that rental of the condo units would produce profits." (D.E. 51 at 9). Accordingly, Defendants argue that Counts I through VIII, which they characterize as fraud claims "premised on Defendants' allegedly inducing plaintiffs to purchase the condo units" accrued "when Plaintiffs discovered . . . the fraud–when Plaintiffs realized or should have realized that the condo units would not earn the income Defendants' allegedly promised." *Id*. at 10. Defendants allege that this occurred when Plaintiffs reviewed the Rental Program Agreement ("RPA") at the end of 2002 and discovered that "the terms conflicted with prior oral representations." *Id*. Accordingly, Defendants argue that the statute of limitations, which they argue is four or five years depending on the claim, bars claims I through VIII as this case was not filed until 2010.

Defendants argue that Counts IX through XI also "arise from performance under the RPA." *Id*. at 10. Defendants state that "Plaintiffs entered into the rental program in December of 2002, and then determined that the Defendants were not complying with key provisions of the RPA such as marketing and advertising the condo units along with other fundamental

requirements of the program before June of 2005." *Id*. at 11.  Thus, Defendants argue that the

claims in Counts IX through XI for breach of contract, unjust enrichment and breach of fiduciary

duty are untimely as they argue the applicable statute of limitations are four or five years

depending on the specific claim, and this case was not filed until June of 2010.

Finally, Defendant Interinvestments argues that Count XII for breach of professional duty

is barred by the statute of limitations.  Defendant argues that in the Amended Complaint,

Plaintiffs allege "that they withdrew four units from the rental program in 2007 in the hopes of

renting the units on their own." (D.E. No. 52 at 13) (citing paragraph 48 of the Amended

Complaint).  Defendant concludes that based on this allegation, Plaintiffs "were aware that the

rental program was not as profitable as they had expected" in 2007 and did not assert this claim

until over two years after they discovered this fact.  (D.E. No. 52 at 13).  Accordingly, Defendant

argues that this claim is barred by the statute of limitations.

The Court, however, disagrees that it is apparent from the face of the complaint that

Plaintiffs' claims are time-barred.   Defendants isolate certain allegations in the amended

complaint and make conclusions based on these allegations to argue Plaintiffs' claims are time-

barred. Plaintiffs, however, have pleaded a number of allegations in their forty-five page

complaint, including some allegations that they did not become aware of certain alleged

fraudulent activity or other actions underlying their claims until 2008.  *See* (D.E. No. 40,

Amended Compl. at ¶¶ 50-56). It is clear that this is an issue that is inappropriate for the Court to

resolve on motions to dismiss.  It is not apparent from the face of the complaint that any of

Plaintiffs' claims are time barred.  Accordingly, the Court denies Defendants' motions to dismiss

on this ground.

## II.       Dismissal Pursuant to Rule 12(b)(1)

Finally, Defendant Interinvestments argues that Plaintiffs have failed to sufficiently allege that the individual Plaintiffs, Mr. Riojas and Mrs. Simental, have standing to assert claims against Interinvestments.   This Court disagrees.

### A.       Legal Standard

"Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction , it is brought pursuant to Rule 12(b)(1)."  *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n. 8 (11th Cir.1993).  When standing is challenged in a motion to dismiss the court "must accept as true all material allegations in the complaint, and must construe the complaint in favor of the complaining party."  *Id*. at 806. (internal citations omitted).  The Court is not limited to the face of the complaint and may also rely on "affidavits submitted by the plaintiff in support of the complaint."  *Id*.  However, in this case, no affidavits have been submitted.

### B.       Analysis

Defendant Interinvestments alleges that the individual Plaintiffs do not have standing because the only damages they allege are to the corporate Plaintiff, Begualg.  The Court, however, finds that Plaintiffs have sufficiently alleged standing with regard to both the RICO claims and the state law claims.

#### 1.       Counts I, II, III, and IV: Civil RICO and Civil Remedies for Criminal Practices Act Claims

RICO provides that "[a]ny person injured in his business or property by reason of a

violation of section 1962 of this chapter may sue." 18 U.S.C. § 1964(c).[11]  The Eleventh Circuit

"has interpreted . . . [this] provision to include a requirement that the party's injuries by the direct

result of the alleged racketeering activity."  *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of*

*Florida, Inc*., 140 F. 3d 898, 906 (11th Cir. 1998).  Accordingly "a plaintiff has RICO standing

only if his injuries were proximately caused by the RICO violation."  *Id*.   Moreover, "RICO

standing will not arise solely because one is a shareholder or a limited partner in a company that

was the target of the alleged RICO violation."  *Id*.  "[H]owever . . .simply because the plaintiff is

a shareholder of a corporation, it does not necessarily follow that he lacks standing to seek RICO

damages in his own right."  *Maiz v. Virani*, 253 F. 3d 641, 655 (11th Cir. 2001).  "There is no

bright-line rule for determining when an individual who is also a corporate shareholder sues

under § 1964 to recover for a RICO violation that affects both the individual and the

corporation."  *Id*.  This Court's inquiry is necessarily "fact-specific."  *Id*.

The Court finds that Plaintiffs have set forth claims of injury proximately caused by

racketeering activity that targeted the individual Plaintiffs.  Plaintiffs allege that fraudulent

misrepresentations were made to Mr. Riojas and Mrs. Simental before the condominiums were

purchased when the individual Plaintiffs personally met with a sales-agent for the Four Seasons

Hotel Miami, Mrs. Karim Leon-Velard. (D.E. No. 40, Amended Compl. at ¶¶ 20-23, 24, 25-27).

The fraudulent scheme continued when Mrs. Leon-Velarde and unidentified others associated

---

[11]For the same reasons as discussed above, the analysis for standing under the Florida
Civil Remedies for Criminal Remedies for Criminal Practices Act Claims is the same as that for
the federal RICO claims.  Accordingly, the Court only discusses federal law and for the most part
only explicitly references the federal RICO claims.  See *supra* Part B(1)(a).

with Defendants[12] provided further misrepresentations in subsequent correspondence via mail, e-mail, and phone.  *Id*. at ¶ 34.  It was the individual Plaintiffs, Mr. Riojas and Mrs. Simental, that eventually entered into the Purchase Agreements for the units on August 5, 2002, paying a total of $4,072,705.00 for the units.  *Id*. at ¶ 37.  It was later on August 28, 2002 that the individual Plaintiffs created Begualg "for the sole purpose of holding title, interest, and ownership" in the units.  *Id*. at ¶ 39.  Here, on the face of the complaint, the individuals' damages are not based solely on conduct that targeted the corporation but also on conduct that targeted them and damaged them as individuals.  Accordingly, the Court finds that the individual Plaintiffs have standing and denies the motion to dismiss as to these claims.  *See Maize*, 253 F. 3d at 656-57 (holding that where the Defendants' racketeering activity targeted the individual plaintiffs that the individual plaintiffs had standing).  The individual Plaintiffs, however, shall be required to provide a more definite statement of their individual damages in the filing of their Second Amended Complaint.  *See* Fed. R. Civ. P. 12(e) (acknowledging that the Court may *sua sponte* order a more definite statement).

### 2.      State Law Claims in Counts V, VI, VII, VIII, and XII

To the extent Defendant Interinvestments is also challenging the individual Plaintiffs' standing to assert the state law claims, the Court also finds that the individual Plaintiffs have standing to assert these claims against Defendant Interinvestments.  Specifically, Plaintiffs have asserted state law claims for fraudulent inducement, false and misleading advertising, violation of the FDUPTA, civil conspiracy, and breach of professional duty against Defendant

---

[12]The Court has already thoroughly discussed the pleading defects with regard to the RICO claims.

Interinvestments.  For the same reasons as discussed above, the Court finds that from the face of the complaint the individual Plaintiffs have standing to bring this action.  Essentially, Plaintiffs allege that fraudulent misrepresentations were made to them before they as individuals purchased the condominium units.  Plaintiffs also allege with regard to Count XII that Defendant Intervestments breached their duty to them when Interinvestments was acting as a transactional broker in the purchase of these units.  (D.E. No. 40, Amended Compl. at ¶ 113).  However, as stated above, the individual Plaintiffs shall be required to provide a more definite statement of their individual damages with regard to these claims[13] in the filing of their Second Amended Complaint.  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant Millennium Tower Condominium Hotel Association Inc.'s Motion to Dismiss the Amended Complaint for Failure to State Claims Upon Which Relief Can be Granted (D.E. No. 50), Defendants' Motion to Dismiss (D.E. No. 51), and Motion of Defendant Interinvestments Realty, Inc. to Dismiss Plaintiffs' Verified Amended Complaint (D.E. No. 52) are **GRANTED in part** and **DENIED in part**.  In accordance with the discussion above, Counts I, II, III, IV, V, VI, VII, VIII, X, and XI[14] are **DISMISSED without prejudice**.  Plaintiffs shall file a second amended complaint on or before **October 7, 2011**, which corrects the deficiencies

---

[13]To clarify, the individual Plaintiffs should provide this more definite statement with regard to all of the claims they assert in their second amended complaint, excepting the breach of contract claim to which Plaintiffs have stated only Plaintiff Begualg is a party.

[14]Counts IX and XII remain pending.

outlined above.[15]  While Plaintiffs may replead the counts that have been dismissed without

prejudice and should include the counts that the Court has not dismissed in this second amended

complaint, it is not appropriate for Plaintiffs to add new claims or new parties.  This deadline has

passed, *see* (D.E. No. 207), and the Court has not granted Plaintiffs leave to file any new claims.

     DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of September, 2011.


_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE


Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

_____

     [15]Plaintiffs are required to file the second amended complaint to provide the more definite
statement outlined above.  Plaintiffs, however, are not required to replead the claims that have
been dismissed if Plaintiffs find it is not appropriate.  If the claims are not repleaded in the new
complaint, they shall be deemed abandoned.