**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 10-22153-Civ-SCOLA**

BEGUALG INVESTMENT
MANAGEMENT, INC., *et al.*,

      Plaintiffs,

vs.

FOUR SEASONS HOTEL LIMITED, *et al.*,

      Defendants.

_____/

**THIRD AMENDED SCHEDULING ORDER AND ORDER**
**REFERRING DISCOVERY MOTIONS TO MAGISTRATE JUDGE**

THIS MATTER is set for trial during the two-week trial period beginning on **July 2, 2012**. Calendar call will be held at 9:00 a.m. on **June 26, 2012**. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance. This Third Amended Scheduling Order supersedes the previous scheduling orders issued in this matter.

    1. The parties shall comply with the following schedule:

| | |
|---|---|
| December 30, 2011 | Deadline to file joint interim status report. |
| February 1, 2012 | Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule 16.1(k). |
| February 20, 2012 | Deadline to exchange rebuttal expert witness summaries/reports pursuant to Local Rule 16.1(k). |
| March 12, 2012 | Deadline to select a mediator.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. |
| March 19, 2012 | Deadline to complete all discovery. |
| March 23, 2012 | Deadline for the filing of all dispositive motions. |

| April 30, 2012 | Deadline to complete mediation. |
|---|---|
| May 4, 2012 | Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions |
| June 1, 2012 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3).<br><br>Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |

2.   <u>Interim Joint Status Report</u>.   The parties are required to submit an interim joint status report addressing the following issues:

a)   Have all defendants been served?  If not, state the reasons.

b)   Have all defendants responded to the complaint?  If not, state the reasons.

c)   If this is a class action, has a motion for class certification been filed?  If so, what is its status?

d)   Have the parties filed their Notice of Selection of Mediator?  Have the parties agreed upon a place, date, and time for mediation?

e)   Have the parties engaged in informal settlement negotiations?   If not, explain the reasons for the failure to do so.  If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

f)   Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

g)   Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

3.   <u>Jury Instructions</u>.  The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction.  Where the parties do agree on a proposed instruction, that instruction shall be set out in regular typeface.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be bold-faced. Every instruction must be supported by a citation of authority.  The parties shall use as a guide

the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions.  The parties shall jointly file their proposed jury instructions via CM/ECF, and shall also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in MS Word format (.doc).

4.   Trial Exhibits.  All trial exhibits must be pre-marked.  Plaintiff's exhibits shall be marked numerically with the letter "P" as a prefix.  Defendant's exhibits shall be marked alphabetically with the letter "D" as a prefix.  A list setting out all exhibits must be submitted at the time of trial.  This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

5.   Deposition Designations.  Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing.  The designations must be served on opposing counsel and filed with the Court fourteen days before the deadline to file the joint pretrial stipulation.  The adverse party must serve and file any objections and any cross-designations within seven days.  The initial party shall then have seven days to serve and file objections to the cross-designations.

6.   Voir Dire Questions.  The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom.  Any party may file, no more than five proposed, case-specific questions to be included in the questionnaire.  The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and shall also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in MS Word format (.doc).

7.   Settlement Notification.  If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

8.   Referral of Discovery Motions to Magistrate Judge.  Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, all discovery motions in this matter are referred to Magistrate Judge Robin S. Rosenbaum to take all necessary and proper action as required by law.  Any motion affecting the deadlines set by the Court's Scheduling Order is excluded from this referral.  In filing any discovery motions, the parties shall follow the discovery procedures outlined in paragraph nine of this Order.

9.   Discovery Motions Procedures.  Discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good-faith conference) shall be handled on an expedited briefing

schedule and with a shortened page limitation, to prevent delay to the pretrial schedule. Accordingly, the parties shall file responses and replies to discovery motions no later than seven days after a motion, or response, is filed. These deadlines are inclusive of the "mailing" days allotted by the Federal and Local Rules. Any contrary deadlines that may appear on the Court's docket or the attorneys' deadline report, generated by CM/ECF, cannot modify this Order. Any discovery motion and response, including the incorporated memorandum of law, shall not exceed ten pages. Any reply memoranda shall not exceed five pages. Additionally, the parties should note that Federal Rule of Civil Procedure 29 permits parties to stipulate to extend the time for responding to interrogatories, requests for production, or requests for admissions, unless such extension would interfere with the deadline set for completing discovery, for hearing a motion, or for trial.

**DONE and ORDERED** in chambers, at Miami, Florida, on November 29, 2011.\

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Robin S. Rosenbaum, U.S. Magistrate Judge*
*Counsel of record*