UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:10-CV-22153 - SCOLA/VALLE

BEGUALG INVESTMENT MANAGEMENT INC.,
a Florida corporation

  Plaintiff,

vs.

FOUR SEASONS HOTEL LIMITED, a Canadian
Corporation, et al.,

  Defendants.
_____/

## PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO MOTIONS TO QUASH TRIAL SUBPOENAS

  Plaintiff, Begualg Investment Management Inc., ("Plaintiff"), hereby files its Omnibus Response in Opposition to Defendants', Four Seasons Hotel Limited ("Four Seasons"), FSM Hotel, LLC ("FSM") and Terremark Brickell II, Ltd.'s ("Terremark Ltd."), Motions to Quash Trial Subpoenas, and in support thereof states as follows:

### Introduction

  1. Pursuant to this Court's Eighth Amended Scheduling Order, the instant case was set to commence trial during the two-week trial period beginning on October 7, 2013 in Miami-Dade County.[1]  [D.E. #560].

---

[1] Pursuant to this Court's Ninth Amended Scheduling Order, the two-week trial period has been rescheduled to commence on December 2, 2013.  [D.E. #596].

LIPSCOMB EISENBERG & BAKER, PL

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228  F. 786.431.2229 www.lebfirm.com

2. In preparing for trial and in effort to avoid having to issue trial subpoenas for the mere purpose of having *Defendants' business records* authenticated, Plaintiff's counsel contacted the attorneys for FSM, Terremark Ltd., and Four Seasons requesting that their clients stipulate to the authenticity of the business records *they produced* in response to Plaintiff's requests for production.

3. While the Four Seasons, through James Parker, Esq., responded that Four Seasons would stipulate to the authenticity of the documents it produced, FSM and Terremark did not respond to the request.

4. Therefore in an abundance of caution, Plaintiff issued trial subpoenas directed to the records custodians of FSM and Terremark Ltd., and the Four Seasons.

5. On August 20, 2013, FSM, Terremark Ltd., and the Four Seasons were served with Plaintiff's trial subpoenas, via their registered agents, located in Miami, Florida.

6. In response, the Defendants filed Motions to Quash Trial Subpoenas, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), along with Affidavits in support of said Motions.

7. In relevant part, Federal Rule of Civil Procedure 45(c)(3)(A)(ii) states:

> [T]he issuing court must quash or modify a subpoena that: (ii) requires a person who is **neither a party** nor a party's officer to travel more than 100 miles from where that person resides, is employed, or **regularly transacts business in person** . . . . (emphasis added).[2]

---

[2] Rule 45(c)(3)(A)(ii) has been amended effective December 1, 2013.  The amendment is discussed below.

-2-

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

8. FSM and Terremark Ltd.'s Affidavit stated that FSM and Terremark Ltd.'s records custodians reside and are employed in New York, and they are not officers or principals of FSM and Terremark Ltd.

9. Similarly, the Four Seasons' Affidavit stated that its records custodian resides and is employed in Ontario, Canada, and that the individual is not an officer or principal of Four Seasons.

10. Defendants' Motions are not supported by Rule 45(c)(3)(A)(ii), which applies to *non-parties*.

11. The Plaintiff has subpoenaed *parties* to this action because the custodians of business records are agents and representatives of the business entities, i.e. the Defendants.

12. Consequently, Rule 45(c)(3)(A)(ii) does not apply and the Defendants' Motions to Quash Trial Subpoenas fail.

13. Alternatively, assuming this Court finds that current Rule 45(c)(3)(A)(ii) applies, Defendants' Motions should still be denied as the Defendants have not met their burden of proof. The Affidavits submitted by FSM, Terremark Ltd., and the Four Seasons address only the first two prongs of Rule 45(c)(3)(A)(ii), pertaining to where one resides and is employed. Defendants have not presented any evidence that the records custodians *do not* "regularly conduct business in person" in Miami-Dade County – the third prong of that Rule.

14. In fact, Defendants FSM and Terremark Ltd. are Florida corporations, which were incorporated in 2004 and 1997, respectively and have been actively conducting business in Miami, Florida.

-3-

**LIPSCOMB EISENBERG & BAKER, PL**
2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

15. The Four Seasons, despite being a Canadian corporation, is an internationally recognized hotel chain, which currently manages the condo hotel and hotel that are the subject of this case in Miami, Florida.

16. Based on the foregoing, this Court should deny Defendants' Motions to Quash Trial Subpoenas.

## **Legal Argument and Supporting Memorandum of Law**

**A.     DEFENDANTS MISCONSTRUE RULE 45(c)(3)(A)(ii) BECAUSE THE RECORDS CUSTODIANS ARE PARTIES**

In preparation for the upcoming trial and in an abundance of caution, the Plaintiff has subpoenaed the Defendants' records custodians, in their representative capacities, for purposes of having them authenticate the Defendants' business records. In response, the Defendants, improperly relying on Federal Rule of Civil Procedure 45(c)(3)(A)(ii), filed motions to quash trial subpoenas on the grounds that the records custodians are not parties or officers of a party so as to trigger the limitations imposed by Rule 45(c)(3)(A)(ii). The Defendants' Motions are without merit. The records custodians are parties to this action as they are representatives of the Defendants. *See Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at 1 (M.D. Fla. June 5, 2013). Therefore, this Court should deny the Defendants' Motions to Quash Trial Subpoenas.

In relevant part, Federal Rule of Civil Procedure 45(c)(3)(A)(ii) states:

> [T]he issuing court must quash or modify a subpoena that: (ii) requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or *regularly transacts business in person* . . ., the person

-4-

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

> may be commanded to attend a trial by traveling from any such
> place within the state where the trial is held. (emphasis added).

In the *Conyers* case, the plaintiffs served a subpoena for trial to the "Corporate Representative of Balboa Insurance Company with the most knowledge as to the affirmative defenses, discovery responses, claim denial and selection of engineers." The defendant sought to have the subpoena quashed including, but not limited to the fact that the witness was outside of the 100 mile limit of Rule 45 (c)(3)(A)(ii). *Id.* The court citing to *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758, at *7 (M.D. Fla. Sept. 11, 2006) explained that:

> [T]he corporate representative in this case would clearly be testifying on behalf of the corporation, not in his/her individual capacity. As such, the Court holds that the corporate representative should be considered a "party" regardless of whether he/she is an officer of the company and should be produced even if she/he resides outside of the 100 mile limit.

As such, the court in *Conyers* found that the corporate representative was, "for the purpose of Rule 45, a 'party,' [and] the 100 mile limit [did] not apply. *Id.* at *2. *See e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 303 (S.D.N.Y. 2009) (stating that the Bondholders' corporate representatives were parties to the action, as such "there [was] no basis under the 100-mile rule to quash the subpoenas seeking [their] testimony"); (internal quotations omitted); *In re: Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006) (finding that a party or party's officer who is subpoenaed for trial and is beyond the 100-mile limit, for purposes of Rule 45(c)(3)(A)(ii), shall appear at trial);[3] *Clark v.*

---

[3] Currently, there is a split in authority regarding whether "Rule 45(c)(3)(A)(ii) authorizes courts of the United States to issue [and serve] subpoenas to parties and party officers in places outside the territorial limits defined in Rule 45(b)(2), [i.e. outside the state where the party is to attend trial]. A majority of courts have ruled that it does, [including *Vioxx Products Liability Litigation*]." *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 215 (E.D. La.

-5-

LIPSCOMB EISENBERG & BAKER, PL

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

*Wilkin*, No. 2:06 cv 693 TS DN, 2008 WL 648542, at *1 (D. Utah March 10, 2008) (explaining that the "purpose of the 100 mile exception is to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest. Parties to a suit have great interest in its outcome; therefore, the purpose behind the 100 mile rule does not apply to them") (internal citations omitted); and *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 64 (D.D.C. 2010) (stating that "Rule 45(c)(3)(A)(ii) does not protect a party witness from having to travel more than 100 miles – or even all the way across the country – for trial").

In the instant case, the *Defendants' records custodians* were subpoenaed in their *representative* capacities to testify at trial for purposes of authenticating the Defendants' business records. The records custodians are agents of the corporate Defendants. *See In re Custodian of Records of Variety Distrib., Inc.*, 927 F.2d 244, 247 (6th Cir. 1991) (stating that "a custodian of business records is the representative of a collective entity, the corporation, if necessary, and acts as the corporation's agent in producing corporate business records).

Furthermore, as stated in *Clark*, the purpose behind Rule 45(c)(3)(A)(ii) is to protect "witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *Id*. at *1. This protection does not apply here. As parties to this lawsuit, the records custodians, in their representative capacities, have a high interest in the outcome of litigation. They should not be treated as disinterested third parties. As a result, this Court should deny Defendants' Motions to Quash Trial Subpoenas.

---

2008). This disagreement among courts does not affect the instant case as the trial subpoenas were properly served on the Defendants' registered agents located in Miami, Florida.

-6-

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

### B. THE AMENDMENTS TO RULE 45 DO NOT APPLY

Effective December 1, 2013 and *absent any Congressional action*, amendments to Rule 45 will go into effect. The most relevant change applies to when a court must modify and quash a subpoena when it requires an individual to attend trial 100 miles from where the person resides, is employed, or regularly transacts business in person. Although, the Defendants have not asserted the applicability of the amended Rule, the Plaintiff addresses the amendment in an abundance of caution and asserts that it does not and should not apply because its application will not result in a "just and practicable" outcome. This is due to the fact that all of the pertinent trial subpoenas, motions, responses, and any reply thereto have and will be filed prior to the amended Rule going into effect. Accordingly, this Court should not apply amended Rule 45 to the instant case.

On April 16, 2013, the Supreme Court of the United States adopted amendments to Rule 45 of the Federal Rules of Civil Procedure. Order ¶ 1 (U.S. April 16, 2013), *available at* http://www.supremecourt.gov/orders/courtorders/frcv13_d18e.pdf. Rule45(c)(3)(A)(ii) has been amended as follows:

> **(c) Place of Compliance.**
> **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition as follows:
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
> **(i)** is a party or a party's officer; or
> **(ii)** is commanded to attend a trial and would not incur substantial expense.

**LIPSCOMB EISENBERG & BAKER, PL**
2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

***

> **(3)** *Quashing or Modifying a Subpoena.*
>
> > **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> > **(i)** fails to allow a reasonable time to comply;
> > **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c).

U.S. Order, at pages 7 and 11 (emphasis original). As such, the amended Rule will impose the geographical limitations relating to where the individual resides, is employed or regularly transacts business in person, not just to non-parties as dictated by the current Rule, but to parties and party directors as well. The Supreme Court stated that "the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2013, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as *just and practicable*, all proceedings then pending."[4]  *Id.* at ¶ 2 (emphasis added). The application of the "just and practicable" standard to determine whether an amended rule should be applied to a pending case is done on a "case-by-case consideration." *Albers v. Tri-State Implement, Inc.*, 2010 WL 960010, at *6 (D.S.D. March 12, 2012).

---

[4] According to a Commentary, included as part of United Stated Code Annotated, by David D. Siegel, "[t]he Court can include a general instruction on retroactivity, but the ultimate determination of whether a new rule is to be applied to proceedings pending when the rule takes effect is left to "the court in which such proceedings are pending". If, "in the opinion of the court"--and as applied to a district court this would mean the individual judge-- "the application of such rule in such proceedings would not be feasible or would work injustice", the court can disregard the new rule and apply 'the former rule' instead." David D. Siegel, Commentary, *Submitting the Rules to Congress*, 28 U.S.C.A. § 2074.

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

The Legislature has also elaborated as to when an amended Rule should apply to pending proceedings as follows:

> The Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court *shall not* require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be *feasible or would work injustice*, in which event the former rule applies.

28 U.S.C. § 2074(a) (emphasis added).

In a case that is analogous to the one at bar, *Lattuga v. U.S. Postal Service*, 2010 WL 4918769, at *3 (S.D. Ohio Nov. 29, 2010), a district court determined not to apply the amended Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, prior to it taking effect on December 1, 2010, when it ruled on defendants' motion in limine that sought to exclude expert witnesses from testifying at trial, which was scheduled to begin on January 10, 2011.  [D.E. #14].

Prior to the amended Rule going into effect, the plaintiffs identified their expert witnesses without submitting expert reports.  *Id.* at *1.  In doing so, the plaintiffs relied on numerous cases which interpreted the current Rule, as they did, i.e. not requiring a report.  *Id.* at *1.  The amended Rule required "Rule 702 witnesses who [were] not subject to the written report requirement [per the current Rule] . . . to provide a 'summary of the facts and opinions to which the witness [was] expected to testify.'"  *Id.* at *3.

The district court explained that even though the "amendment was adopted to 'resolve a tension,' reflected in the case law . . . and manifest in the instant Motion," it still decided that "[b]ecause the amendment was not in place at the time expert disclosure was required" it was not

-9-

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

going to retroactively apply it. *Id.* at *3. *See e.g., Kraemer Export Corp. v. Peg Perego U.S.A., Inc.*, 1994 WL 86357, at *7 (S.D.N.Y. March 17, 1994) (finding that it was "just and appropriate to apply the version in effect [of Rule 11] when the parties filed their motions" instead of applying the amended version of Rule 11 that made sanctions mandatory); *Ware v. U.S. of Amer.*, 154 F.R.D. 291, 292-93 (M.D. Fla. April 4, 1994) (holding that "because [the] case [had] been ongoing for several years, and [had] a complex procedural history, [the] Court [did] not believe that it would be 'just and practicable' to consider Plaintiff's motion for sanctions under the new Rule 11"); and *Tenn. v. Murphy-Brown, L.LC.*, 2011 WL 4908843, at *3 (E.D. Va. Sept. 27, 2011) (holding that it was not "just and practicable" to apply the amended Rule 26(a)(2) of the Federal Rules of Civil Procedure when "[a] Final Pretrial Order was entered on September 23, 2011, a settlement conference [was] scheduled for October 4, 2011, and a jury trial [was] scheduled for October 11, 2011").

As did the *Lattuga* court, this Court should not apply amended Rule 45(c) to this pending case because it will not be "just and practicable" under the facts and circumstances presented here.  First, the Plaintiff initiated suit long before the December 1, 2013 effective date of amended Rule 45 – June 2010.  Second, if the jury trial had not been rescheduled on numerous occasions, as evident by the Ninth Amended Scheduling Order currently in effect, the amendments to Rule 45 would not be at issue. [D.E. #596].  Third, the trial subpoenas have been issued *prior* to the December 1, 2013 effective date.  Lastly, Defendants' Motions to Quash Trial Subpoenas, Plaintiff's Response in Opposition, and any reply filed by the Defendants will have

-10-

been filed and ruled upon prior to the amended Rule 45 going into effect. Consequently, this Court should not apply amended Rule 45 to the case at bar.

C. **IF THIS COURT FINDS THAT THE CURRENT OR AMENDED RULE 45(c)(3)(A)(ii) APPLIES, THEN THIS COURT SHOULD STILL DENY DEFENDANTS' MOTIONS BECAUSE THEY HAVE NOT PRESENTED EVIDENCE THAT THEIR RECORDS CUSTODIANS DO NOT "REGULARLY TRANSACT BUSINESS IN PERSON" IN MIAMI-DADE COUNTY**

Defendants FSM, Terremark Ltd., and the Four Seasons submitted Affidavits in support of their Motions, wherein they stated that the records custodians, who were properly served with trial subpoenas in Miami-Dade County in their representative capacities, will be required to travel more than 100 miles from where they reside and are employed; and thus, they should not be compelled to appear at trial. Importantly, the Affidavits *did not* address if the records custodian "regularly transact business in person" in Miami-Dade County – the last limitation imposed by Rule 45(c)(3)(A)(ii), and a limitation that courts must analyze before making their decision to quash a subpoena. Consequently, this Court should also deny the Defendants' Motions to Quash Trial Subpoenas as they have not presented sufficient evidence to overcome their burden of proof.

Current Federal Rule of Civil Procedure 45(c)(3)(A)(ii) requires that a court quash or modify a subpoena when a person who is neither a party nor a party's officer has to travel more than 100 miles from where that person resides, is employed, or *regularly transacts business in person*. The amended Rule also contains the "transacting business in person" provision. The current Rule does not state "with what regularity a person must transact business in a certain

-11-

**LIPSCOMB EISENBERG & BAKER, PL**
2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

location to amount to a place where one regularly transacts business." *M'Baye v. N.J. Sports Prod., Inc.*, 246 F.R.D. 205, 207 (S.D. N.Y. 2007).

The court in *Regents of the Uni. of Cal. v. Kohne,* 166 F.R.D. 463, 465 (S.D. Cal. 1996) held that the motion to quash a subpoena directed to a nonparty on grounds that he neither resided, nor was employed within 100 miles of the courthouse lacked evidence of whether he regularly conducted business in person as to put him within the court's jurisdictional limit. Thus, the court was unable to grant the moving party's motion. *Id.*

With respect to what constitutes "regularly transacting business in person" for purposes of Federal Rule 45, there is no bright line rule. The court in *Halliburton Energy Services, Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006) held that "a nonparty who traveled to Houston approximately four times a year and stayed approximately ten days each time, placed the individual in the category of regularly transacting business in person . . . ." *But see M'Bayne*, at 208 (stating that "traveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amendable to a subpoena"); and *Bostian v. Suhor Industries, Inc.*, No. 07-CV-151-GFK-FHM, 2007 WL 3005177, at 1 (N.D. Okla. Oct. 12, 2007) (holding that "visiting the jurisdiction ten times in seven years did not qualify as regularly conducting business for a Rule 45 subpoena").

In the instant case, even assuming, *arguendo* that this Court finds that the Defendants' records custodians are not parties to this action, this Court should still deny the Defendants' Motions to Quash the Trial Subpoenas. The Defendants submitted Affidavits, similar to the ones in the *Kohne* case, addressing the residence and employment prong of Rule 45, but made no

-12-

**LIPSCOMB EISENBERG & BAKER, PL**
2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

mention of whether their records custodians "regularly transact business in person" within 100 miles from this Court's jurisdiction. Their omission may have been related to the fact that FSM and Terremark Ltd. are Florida corporations, which have been actively conducting business in Miami since 2004 and 1997, respectively, and the Four Seasons owns and operates one of its hotels in Miami-Dade County. There is no doubt that business records are generated here and someone local must be the custodian of these records.

Thus, as did the court in *Kohne*, this court should deny Defendants' Motions for not meeting their burden of proof as to the Defendants' representatives/agents not regularly conducting business in person in Miami-Dade County; while the current set of facts appear to show the opposite.

## Conclusion

The Defendants have erroneously relied on the current Federal Rule of Civil Procedure 45(c)(3)(A)(ii). The Rule does not apply to the subpoenaed records custodians of the Defendants because, in essence, they are *parties* to this action. Thus, this Court should deny Defendants' Motions to Quash the Trial Subpoenas. In the alternative, if this Court finds that Rule 45(c)(3)(A)(ii) applies, Defendant's Motions should still be denied because they have not met their burden of proof as it pertains to showing that the records custodians *do not* regularly transact business in Miami-Dade County.

**LIPSCOMB EISENBERG & BAKER, PL**
2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com

       Respectfully submitted,

       LIPSCOMB, EISENBERG & BAKER, PL
       Attorneys for Plaintiff
       2 South Biscayne Boulevard, PH 3800
       Miami, Florida 33131
       Tel.: (786) 431-2228
       Fax: (786) 431-2229
       dbaker@lebfirm.com
       seisenberg@lebfirm.com

      By: /s/ Steven E. Eisenberg
       STEVEN E. EISENBERG
       Florida Bar Number: 441112
       DEBORAH BAKER
       Florida Bar Number: 294380

## CERTIFICATE OF SERVICE

  I hereby certify that on October 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: /s/ Steven E. Eisenberg
       STEVEN E. EISENBERG

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229  www.lebfirm.com

**SERVICE LIST**

Lawrence S. Gordon, Esq.
Dale Friedman, Esq.
Diane Tutt, Esq.
Email Address: lgordon@conroysimberg.com
Email: dfriedman@conroysimberg.com
Email: dtutt@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, et al.
Venture Corp. Center I
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Telephone: (954) 961-1400
Facsimile: (954) 967-8577
*Counsel for FSM Hotel, LLC, Terremark Brickell II, Ltd. and Millennium Partners, LLC*

Millard Lane Fretland, Esq.
Email Address: mfretland@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, et al.
125 W Romana Street
Ste 150
Pensacola, FL 32501-5823
Telephone: (850) 436-6605
Facsimile: (850) 436-2102
*Counsel for FSM Hotel, LLC, Terremark Brickell II, Ltd. and Millennium Partners, LLC*

James K. Parker, Esq.
Email Address: jparker@boydlawgroup.com
Boys Richards Parker & Colonelli, PL
Miami Tower, 36th Floor
100 SE 2nd Street
Miami, FL. 33131
Telephone: (305) 425-1045
Facsimile: (786) 425-3905
*Counsel for Four Seasons Hotel Limited*

**LIPSCOMB EISENBERG & BAKER, PL**

2 South Biscayne Blvd. Penthouse 3800 Miami, Florida 33131 T 786.431.2228 F. 786.431.2229 www.lebfirm.com