UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:10-22153-CIV-SCOLA/VALLE**

BEGUALG INVESTMENT MANAGEMENT INC.,
a Florida corporation

       Plaintiff,

vs.

FOUR SEASONS HOTEL LIMITED, a Canadian
Corporation, et al.,

       Defendants.

_____/

**PLAINTIFF'S MOTION FOR RELEASE OF ANY SETTLEMENT FUNDS EXCEPTING AMOUNT OF DIAZ, REUS AND TARG, LLP'S CHARGING LIEN**

    Plaintiff, Begualg Investment Management, Inc. ("Begualg") and former Plaintiffs, Bertha Simental and Gustavo Riojas (Begualg, Simental and Riojas, together, the "Plaintiffs") by and through the undersigned attorneys, file this Motion for Release of Any Settlement Funds Excepting Amount of Diaz, Reus and Targ, LLP's ("DRT") Charging Lien.

**I.    INTRODUCTION**

    On June 11, 2014, Plaintiffs filed its Motion for Court to Adjudicate Merit of DRT's Attorneys' Fees Claim and to Strike Charging Lien, or Alternatively, to Strike Charging Lien. (ECF No. 639, hereinafter the "Plaintiffs' Charging Lien Motion"). The facts and law in Plaintiffs' Charging Lien Motion are applicable to this Motion and are fully restated herein.

    DRT filed a Charging Lien stating, "The total amount of unpaid legal fees and costs owed by Plaintiffs to DRT through October 4, 2013 is $133,049.48, excluding interest, attorney's fees

1

and costs incurred in DRT's collection efforts to date." [ECF No. 598].  Until Plaintiffs' Charging Lien Motion is adjudicated, to the extent Plaintiff Begualg may receive any settlement funds ("Settlement Funds")[1] in excess of the amount of DRT's Charging Lien, said funds should be immediately released to Begualg.

While Begualg is confident DRT will recover nothing at all, there is no conceivable basis for DRT to recover any amount from Begualg in excess of the $133,049.48 it has claimed in the Charging Lien.  This is because DRT is not entitled to an award of attorneys' fees and costs from Begualg for having to enforce its Charging Lien.  First, the filing of a Charging Lien does not, by itself, provide the filer a basis for prevailing party attorneys' fees and costs.  Secondly, no contractual relationship exists between DRT and Begualg.  As such, there is no basis of any kind for DRT to recover attorney's fee from Begualg's Settlement Funds (if any).

## II.     STATEMENT OF FACTS

On or about November 18, 2009, Mrs. Simental engaged DRT to initiate litigation against the Defendants concerning the purchase of six condo-hotel units ("The Four Seasons Litigation").  Simental is one of several principals of Plaintiff corporation Begualg, which purchased the six condo-hotel units.

DRT's Engagement Agreement provided that the representation would be part hourly and part contingency, and, DRT agreed to discount its hourly rates by 50% in exchange for the right to obtain 20% of any recovery.  Despite Mrs. Simental being the only one to execute the Engagement Agreement, DRT filed the complaint in The Four Seasons Litigation on behalf of all three Plaintiffs.  After DRT failed to obtain any positive results and sent inflated and utterly

---

[1] Because the Settlement Agreement of the underlying action is confidential, Plaintiffs do not admit or deny whether any Settlement Funds will in fact be paid to any of the Plaintiffs. The undersigned represents that it is not holding and will not hold any Settlement Funds payable to Bertha Simental or Gustavo Riojas.

outrageous bills for its services, Mrs. Simental's husband, Mr. Riojas requested that DRT provide an estimate of future litigation costs. Mr. Riojas was quoted additional pre-trial fees of over 1.7 million dollars, and, as a supposed favor, DRT offered to allow Simental to finance the exorbitant fee estimate by transferring to DRT her multimillion dollar condominium in Sunny Isles Beach. The offer was refused and on the same day, July 28, 2011, DRT withdrew its representation. During the nineteen-month period, DRT billed, at the purportedly 50% discounted hourly rate, over $525,000.00, of which $394,915.62 has been paid.

Thereafter, the law firm of Lipscomb, Eisenberg & Baker, P.L. ("LEB Firm") was substituted as Plaintiffs' counsel. After the Court dismissed ten (10) of the 12 Counts in DRT's First Amended Verified Complaint [ECF No. 211] for failing to meet basic pleading requirements, LEB filed a Second Amended Complaint [ECF No. 229] and dropped Mr. Riojas and Mrs. Simental as party Plaintiffs (since they never took title to the six units). As such, the only Plaintiff to this action since October 31, 2011 was Begualg.

On October 4, 2013, more than two years following its withdrawal, DRT filed a Charging Lien against Riojas, Simental, and Begualg, in the amount of $133,049.48. [ECF No. 598]. In addition to filing the Charging Lien in this matter, DRT filed a lawsuit in State Court claiming damages in the same amount and based upon the same causes of action. On May 9, 2014, Begualg's claims against Defendants were settled under confidential terms. [ECF No. 638]. Shortly thereafter, DRT sent an email to undersigned counsel for Plaintiffs and Defendants in this action, reasserting its purported rights to the Charging Lien.

Begualg's current undersigned counsel has agreed with DRT that any Settlement Funds Begualg receives will be held in the undersigned counsel's Trust Account, pending a court order or signed agreement regarding the disposition of same. Thus, Begualg files the instant Motion

3

requesting that Settlement Funds, if any exist, in excess of the amount of the Charging Lien be immediately released.

### III.  MEMORANDUM OF LAW

#### A.  THE COURT SHOULD IMMEDIATELY ORDER THAT ALL BUT $133,049.48 BE RELEASED AS ONLY SAID AMOUNT IS AT ISSUE AND DRT DOES NOT POSSESS A LEGAL BASIS TO CLAIM ANY ADDITIONAL FEES AND COSTS

As fully briefed in Plaintiffs' Charging Lien Motion, the Court has jurisdiction over the Charging Lien, pursuant to its ancillary jurisdiction. [ECF No. 639, p. 8]. As also fully briefed, DRT cannot claim any portion of the contingency fee from Begualg's settlement funds because, *inter alia*, Begualg did not execute the Engagement Letter entitling DRT to a contingency fee. Pursuant to Rule 4-1.5(f)(2) of the Florida Rules of Professional Conduct, a contingency agreement must be reduced to writing, signed by the client, and by the lawyer participating in the fee for it to be enforceable. Since Begualg never signed the Engagement Letter, DRT has no conceivable claim to funds belonging to Begualg in excess of the $133,049.48, which is the alleged value of services rendered and owing at a discounted hourly rate.

##### i.  DRT Should Not Be Allowed To Recover Fees And Costs For Having To Enforce Its Charging Lien

Under Florida law, a charging lien does not provide an independent basis for DRT to claim attorneys' fees and costs. In <u>Cole v. Kehoe</u>, 710 So. 2d 705, 706 (Fla. 4th DCA 1998), the court eliminated a certain amount charged by the former attorneys for their enforcement efforts with respect to a charging lien. In doing so, the court explained that "the charging lien may not be used to secure fees incurred by the wife's former attorney in enforcing his lien. The actions of the attorneys hired to enforce the lien did nothing to contribute to the dissolution action and the resulting 'fruits' reaped by the wife." Similarly, as in *Cole*, DRT's actions in connection

with its Charging Lien (or even the underlying litigation) did nothing to contribute to the settlement of this case. As such, there is no basis for DRT to seek attorneys' fees in connection with its Charging Lien.

### ii. DRT Should Not Be Entitled To Any Additional Fees Pursuant To Its Engagement Agreement

In the extremely unlikely event DRT is found to be the prevailing party with respect to its fee dispute with Plaintiffs, and reasonable attorneys' fees are awarded pursuant to the Engagement Agreement, said fees are only recoverable from Simental. Mrs. Simental is not a payee of any Settlement Funds (if any are to be paid), since she was dismissed from the underlying lawsuit in October 2011. Therefore, the only amount at issue is the $133,049.48 claimed by DRT, pursuant to its Charging Lien, and except for that amount, the balance of the Settlement Funds, if any, should be released to Begualg without further delay.

### CERTIFICATE OF GOOD FAITH CONFERENCE

On June 6, 2014 the undersigned emailed counsel for DRT regarding the relief sought. Counsel for DRT has not substantively responded.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL
Attorneys for Plaintiffs
2 South Biscayne Boulevard, PH 3800
Miami, Florida 33131
Tel.: (786) 431-2228
Fax: (786) 431-2229
dbaker@lebfirm.com
seisenberg@lebfirm.com


By: /s/ Deborah B. Baker
DEBORAH BAKER
Florida Bar Number: 294380

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Deborah B. Baker
DEBORAH B. BAKER

**SERVICE LIST**

Matthew L. Jones, Esq.
Email: matthew@jones-adams.com
Secondary Email: m.garrido@jones-adams.com
Additional E-mail: pleadings@jones-adams.com
Jones & Adams, P.A.
999 Ponce de Leon Blvd.
Ste. 925
Coral Gables, FL  33134
Telephone:  (305) 270-8858
Facsimile:  (305) 270-6778
*Counsel for Robert Adams*

Dale Friedman, Esq.
Diane Tutt, Esq.
Email: dfriedman@conroysimberg.com
Email: dtutt@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, et al.
Venture Corp. Center I
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Telephone: (954) 961-1400
Facsimile: (954) 967-8577

*Counsel for FSM Hotel, LLC, Terremark Brickell II, Ltd. and Millennium Partners, LLC*


Millard Lane Fretland, Esq.
Email Address: mfretland@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, et al.
125 W Romana Street, Ste 150
Pensacola, FL 32501-5823
Telephone: (850) 436-6605
Facsimile: (850) 436-2102
*Counsel for FSM Hotel, LLC, Terremark Brickell II, Ltd. and Millennium Partners, LLC*

James K. Parker, Esq.
Email Address: jparker@boydlawgroup.com
Boys Richards Parker & Colonelli, PL
Miami Tower, 36th Floor
100 SE 2nd Street
Miami, FL. 33131
Telephone: (305) 425-1045
Facsimile: (786) 425-3905
*Counsel for Four Seasons Hotel Limited*

Marc Mayerson, Esq.
Law Firm of Orrick, Herrington & Sutcliffe, LLP
1152 15th Street NW
Washington, DC 20005
Email: mmayerson@orrick.com
*Co-counsel for Four Seasons Hotel Limited*