United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Begualg Investment Management, Inc., Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 10-22153-Civ-Scola |
| Four Seasons Hotel Limited, and others, Defendants | ) ) ) | |

## Order Dismissing Fee-Dispute Claims

    This lawsuit was a complicated and embittered battle that lasted nearly four years. It finally ended when the parties agreed to a settlement. Now, like a phoenix rising from the ashes of the Court's dismissal, the Plaintiff's former counsel and its current counsel are embroiled in a hotly contested dispute over the entitlement to legal fees. Plaintiff's former counsel asserts it is entitled to $133,049.48 based on its charging lien. The Plaintiff, through its current counsel, argues that not only is its former counsel not entitled the charging-lien amount, but Plaintiff's former counsel actually received too much in fees. The Plaintiff asserts a claim for disgorgement against its former counsel.

    The original action involved RICO claims, and so the case proceeded on federal-question jurisdiction. Those federal claims are now resolved and dismissed. The legal-fee dispute involves no federal questions, and there is no diversity jurisdiction because the parties are not diverse.

    Plaintiff's former counsel argues that the Court has jurisdiction to enforce its charging lien, but that the Court lacks jurisdiction to consider the Plaintiff's disgorgement claim. That just doesn't seem fair because the two claims are inexorably intertwined.

    At best, this Court has supplemental jurisdiction over both claims. A district court may "decline to exercise supplemental jurisdiction over a claim . . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Neither Section 1367(c) nor Eleventh Circuit precedent require a district court to accede to supplemental jurisdiction to decide the validity of an attorney's charging lien after the original action has settled. *Cf. Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 188–89 (11th Cir. 2012) (explaining that Section 1367 gives a district court the discretion to exercise supplemental jurisdiction—or not).

    Having considered the parties' claims, the record, and the relevant legal authorities, the Court declines to exercise supplemental jurisdiction over the

remaining fee dispute.  The Court dismisses these claims without prejudice to either party bringing any of these claims in the appropriate state court.  To be clear, the Court is not ruling on the merits of any of the fee-dispute claims, and nothing in this Order should be construed to prejudice or extinguish any of the parties' fee-related claims.  The Court denies all pending motions as moot.

**Done and ordered** in chambers at Miami, Florida, on November 6, 2014.

_____
Robert N. Scola, Jr.
United States District Judge